UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------

SHMUEL LOWENBEIN AND
DOVI LOWENBEIN on behalf of themselves and
all others similarly situated

                Plaintiff,

     -against-

NCO FINANCIAL SYSTEMS, INC.

          Defendant.

----------------------------------------------------------

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 19 2011 ★

BROOKLYN OFFICE

CV 11 - 4535

JOHNSON,

J. ORENSTEIN, M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Shmuel Lowenbein and Dovi Lowenbein seek redress for the illegal practices of NCO

      Financial Systems, Inc. concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and in violation of the

      Telephone Communications Privacy Act, 42 U.S.C. § 227 ("TCPA").

### *Parties*

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA,

      in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4.    Upon information and belief, NCO Financial Systems, Inc. is an Pennsylvania

      corporation with its principal place of business located in Horsham, Pennsylvania.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

-1-

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
    1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
    1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
    transactions that give rise to this action occurred, in substantial part, in this district.
    Venue is also proper in this district since the defendant transacts business in this district
    and the collection letter was sent into this district.

### *Allegations Particular to Shmuel Lowenbein and Dovi Lowenbein*

9.  Upon information and belief, on a date better known by defendant, defendant began to
    attempt to collect an alleged consumer debt from the plaintiffs.

10. On or about September 28, 2010, October 6, 2010 and October 13, 2010 the defendant
    left messages for the plaintiff Shmuel Lowenbein on his answering machine.

11. It is unclear whether the messages are pre-recording and/or pre-scripted.

12. Said messages failed to set forth that the matter was a communication from a debt
    collector.

13. Plaintiff Shmuel Lowenbein has messages recorded.

14. On or about September 27, 2010, October 4, 2010, October 15, 2010 twice on October
    20, 2010, October 30, 2010 and November 3, 2010 the defendant left messages for the
    plaintiff Dovi Lowenbein on his answering machine.

15. It is unclear whether the messages are pre-recording and/or pre-scripted.

16.   Said messages failed to set forth that the matter was a communication from a debt
      collector.

17.   Plaintiff Dovi Lowenbein has messages recorded.

18.   Said messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to
      indicate that the message was from a debt collector which constitutes a deceptive
      practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves
and the members of a class, as against the defendant.*

19.   Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-18 as if set
      forth fully in this cause of action.

20.   This cause of action is brought on behalf of plaintiffs and the members of a class.

21.   The class consists of consumers who received a message from the defendant which did
      not set forth that the call was a communication from a debt collector.

22.   The Class consists of all persons whom Defendant's records reflect resided in the New
      York State and who received a telephone message (a) from one of defendant's collection
      representatives failing to set forth that the message was from a debt collector similar to
      the messages left for the plaintiffs as set forth in the within complaint (b) the messages
      were left concerning the seeking payment of an alleged personal debt; and (c) that the
      message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

23.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
      preferable in this case because:

(A) Based on the fact that scripted telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

24.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25.   If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class
      pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.   Collection telephone calls, such as those made by the defendant's representatives are to
      be evaluated by the objective standard of the hypothetical "least sophisticated
      consumer."

### *Violations of the Fair Debt Collection Practices Act*

27.   The defendant's actions as set forth above in the within complaint violates the Fair Debt
      Collection Practices Act.

28.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff
      and the members of the class are entitled to damages in accordance with the Fair Debt
      Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

    (a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)   Attorney fees, litigation expenses and costs incurred in bringing this
          action; and

    (c)    Any other relief that this Court deems appropriate and just under the
          circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiffs*

29.  Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

30.  The defendant placed about seventy two calls to the plaintiffs.

31.  At no time did the plaintiffs give their express consent to be contacted by the defendant at the telephone numbers at which the defendant left the said messages.

32.  The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating telephone calls to the plaintiffs wireless telephone number using an artificial and/or pre-recorded voice or that originated from an automated dialer to deliver messages without having the consent of the plaintiff to leave such messages.

33.  Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

34.  The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The

-6-

FCC further provided that:

> With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

35. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

36. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the telephone number at issue.

37. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

38. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

## *Violations of the Telephone Communications Privacy Act*

40. The actions of the defendant violate the TCPA.

41. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff and $1500 for each call where the defendant failed to leave the legal name of the defendant in other words to violations warranting treble damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the defendant and award damages as follows:

      (a) Statutory damages provided under the TCPA and injunctive relief;

      (b) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of the FDCPA on an individual basis*

42. Plaintiff Shmuel Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

43. That on or about October 13, 2010 defendant left a message for the plaintiff's mother in law on her telephone line which disclosed that it was concerning a debt.

44. The message which violated the plaintiff's right of privacy, was extremely embarrassing for the plaintiff.

-8-

45.     Plaintiff suffered emotional distress damage due to the defendant's actions.

46.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)     The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family where the defendant already had plaintiff's contact information.

56.     As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)     Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)     For such other and further relief as may be just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION

### *Violations of the FDCPA on an individual basis*

47.     Plaintiff Dovi Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

48.     That on or about October 15, 2010 and other dates defendant left a message for the plaintiff on the family voice mail which was overheard by the plaintiff's brother

49.    The message which violated the plaintiff's right of privacy, was extremely embarrassing for the plaintiff.

50.    Plaintiff suffered emotional distress damage due to the defendant's actions.

51.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)    The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family.

61.    As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)    For such other and further relief as may be just and proper.


Dated: Cedarhurst, New York
       September 14, 2011



       Adam J. Fishbein, P.C.  (AF-9508)
       Attorney At Law
       **Attorney for the Plaintiff**
       483 Chestnut Street
       Cedarhurst, New York 11516
       Telephone (516) 791-4400
       Facsimile (516) 791-4411



-10-

Plaintiff requests trial by jury on all issues so triable.

_____

Adam J. Fishbein  (AF-9508)