UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

SHMUEL LOWENBEIN,                                    11 CV 4535 (SJ) (JO)
DOVI LOWENBEIN
and MENDEL REIZES on behalf of themselves and
all others similarly situated

                                            Plaintiffs,

      -against-

NCO FINANCIAL SYSTEMS, INC.

                                            Defendant.

-------------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Shmuel Lowenbein, Dovi Lowenbein and Mendel Reizes seek redress for the illegal practices of NCO Financial Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and in violation of the Telephone Communications Privacy Act, 42 U.S.C. § 227 ("TCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, NCO Financial Systems, Inc. is an Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Shmuel Lowenbein, Dovi Lowenbein and Mendel Reizes*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiffs.

10. On or about September 28, 2010, October 6, 2010 and October 13, 2010 the defendant left messages for the plaintiff Shmuel Lowenbein on his answering machine.

11. It is unclear whether the messages are pre-recording and/or pre-scripted.

12. Said messages failed to set forth that the matter was a communication from a debt collector.

13. Plaintiff Shmuel Lowenbein has messages recorded.

14. On or about September 27, 2010, October 4, 2010, October 15, 2010 twice on October 20, 2010, October 30, 2010 and November 3, 2010 the defendant left messages for the plaintiff Dovi Lowenbein on his answering machine.

15. It is unclear whether the messages are pre-recording and/or pre-scripted.

16. Said messages failed to set forth that the matter was a communication from a debt collector.

17. Plaintiff Dovi Lowenbein has messages recorded.

18. On or about November 20, 2010 the defendant left a message for plaintiff Mendel Reizes in which the defendant stated: "Please hold one minute for an important message. All of our associates are currently unavailable."

19. Said messages failed to set forth that the matter was a communication from a debt collector and failed to leave the legal name of the defendant in the message

20. Said messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

21. On or about November 23, 2010 a representative of the defendant spoke with plaintiff Mendel Reizes' daughter requesting that she have the plaintiff call the person back.

22. Said communication was not in order to obtain location information.

23. Said collection attempt violates the FDCPA.

See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d.

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 -

Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a thrid party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter."stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id.

(quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 based on the reasoning in West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

24. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b).

25. The said messages were left at a wireless number where the plaintiff was charged for each call.

26. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

27. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

28. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

29. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-28 as if set forth fully in this cause of action.

30. This cause of action is brought on behalf of plaintiffs and the members of four classes.

31. Class A consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages left for the plaintiffs as set forth in the within complaint (b) the messages were left concerning the seeking payment of an alleged personal debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

32. Class B consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives or pre-recorded failing to set forth the legal name of the defendant (b) the messages were left concerning the seeking payment of an alleged personal debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692d(6).

33. Class B consists of all persons whom Defendant's records reflect resided in the New York State and whose neighbor, relative or other received a telephone call (a) from one

       of defendant's collection representatives requesting that the debtor call back (b) the messages were left concerning the seeking payment of an alleged personal debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692c(b).

34. Class C consists of all persons whom Defendant's records reflect resided in the New York State and received a telephonic message (a) from one of defendant's collection representatives using an autodialer or as pre-recorded message (b) the messages were left concerning the seeking payment of an alleged personal debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692f(5) where the consumer was charged for the call.

35. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  (A) Based on the fact that scripted telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

  (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

  (C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

  (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

  (E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-

abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

36. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. Collection telephone calls, such as those made by the defendant's representatives are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

39. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiffs*

41. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

42. The defendant placed in excess of seventy two calls to the three plaintiffs.

43. At no time did the plaintiffs give their express consent to be contacted by the defendant at the telephone numbers at which the defendant left the said messages.

44. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating telephone calls to the plaintiffs wireless telephone number using an artificial and/or pre-recorded voice or that originated from an automated dialer to deliver messages without having the consent of the plaintiff to leave such messages.

45. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

46. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

47. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

48. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the telephone number at issue.

49. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

50. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

51. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

### *Violations of the Telephone Communications Privacy Act*

52. The actions of the defendant violate the TCPA.

53. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff and $1500 for each call where the defendant failed to leave the legal name of the defendant in other words to violations warranting treble damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the defendant and award damages as follows:

    (a) Statutory damages provided under the TCPA and injunctive relief;

    (b) Any other relief that this Court deems appropriate and just under the circumstances.

## **AS AND FOR A THIRD CAUSE OF ACTION**

*Violations of the FDCPA on an individual basis*

54. Plaintiff Shmuel Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

55. That on or about October 13, 2010 defendant left a message for the plaintiff's mother in law on her telephone line which disclosed that it was concerning a debt.

56. The message which violated the plaintiff's right of privacy, was extremely embarrassing for the plaintiff.

57. Plaintiff suffered emotional distress damage due to the defendant's actions.

58. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family where the defendant already had plaintiff's contact information.

56. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION

*Violations of the FDCPA on an individual basis*

59. Plaintiff Dovi Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

60. That on or about October 15, 2010 and other dates defendant left a message for the plaintiff on the family voice mail which was overheard by the plaintiff's brother

61. The message which violated the plaintiff's right of privacy, was extremely embarrassing for the plaintiff.

62. Plaintiff suffered emotional distress damage due to the defendant's actions.

63. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family.

61. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
November 18, 2011

/s/
_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/
_____
Adam J. Fishbein  (AF-9508)